ABE POSNICK, Respondent, *v.* WILLIAM B. STEDMAN, Appellant.

First Department, March 4, 1927.

Motor vehicles — conditional sale — action to recover on alleged breach by defendant, seller of automobile, to keep automobile insured against theft — plaintiff claims that he paid defendant amount of insurance and that after insurance was in effect, defendant had policy canceled — after policy was canceled, automobile was stolen — proof does not show that defendant was responsible for cancellation of policy or received return premium — defendant should have been permitted to show that he was not responsible for cancellation — defendant pleaded that plaintiff had recovered automobile and should have been permitted to prove that defense.

This action was brought by the plaintiff, a conditional vendee of an automobile, against his vendor to recover the value of the automobile which was stolen after the sale was made. The plaintiff claims that the defendant breached an agreement under which the defendant agreed to take out insurance against fire and theft, the premium for which was paid, according to the plaintiff, to the defendant. The plaintiff's contention is also that after the policy was taken out it was canceled by the defendant and the return premiums paid to the defendant without the knowledge or consent of the plaintiff, and that, therefore, when the automobile was subsequently stolen, the plaintiff was without insurance and was damaged to the amount of the value of the automobile. While the complaint contains many allegations of fraud, the plaintiff was permitted to try the case on the theory of breach of contract.

While the evidence shows that the policy of insurance was canceled shortly after it was issued and that the return premium was transmitted to the insurance broker, the plaintiff failed to prove that the cancellation was caused by the defendant or that he received the return premium. Plaintiff also introduced testimony to the effect that he accused the defendant of having canceled the policy and that the defendant did not deny it. It was error for the court to

refuse to permit the defendant to show whether he was responsible for the cancellation of the policy, and it was also error for the court to refuse to permit the defendant to introduce evidence in support of his defense that the automobile had been returned to the plaintiff.

APPEAL by the defendant, William B. Stedman, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 9th day of July, 1925, upon the verdict of a jury.

*Charles H. Street* of counsel [*Kellogg, Street & Hanavan*, attorneys], for the appellant.

*Joseph Fischer* of counsel [*Herman Joseph* with him on the brief; *Adolph Waxenbaum*, attorney], for the respondent.

MARTIN, J. On October 31, 1921, plaintiff purchased from defendant under a conditional sale contract a Special Six Studebaker touring car. The plaintiff says that the defendant requested him to pay the sum of $193 for insurance against fire and theft, representing that the insurance was in full force and effect and would be kept and remain in full force and effect, for the benefit of plaintiff, during the life of the policies and until the full amount of the purchase price of the car had been paid; that defendant intended that plaintiff should act upon such representations; that plaintiff believed the representations so made, and paid to defendant the sum of $193 for insurance covering the automobile against fire and theft.

The plaintiff asserts that the defendant then and there exhibited to him the policies of insurance on the car covering fire and theft as aforesaid; that the representations so made by defendant to plaintiff were false and untrue, and the defendant knew or was culpably ignorant of their falsity; that he did not intend to keep the policies of insurance in full force and effect during the time for which the same had been issued for the benefit of the plaintiff, but, on the contrary, before the term of expiration of such policies and while plaintiff had possession of the automobile, *defendant without the knowledge or consent of plaintiff caused the cancellation of the policies of insurance and received the return premiums and kept them for his own use;* that during the time for which the policies of insurance had been issued and before their expiration, the automobile was stolen, without plaintiff's fault, and, although the police department and the defendant were notified of the theft, the car has not been located and plaintiff has not recovered the possession thereof or any indemnity therefor; that, by reason of the false and fraudulent representations of material facts made by defendant as aforesaid and the cancellation of the policies of

insurance by defendant, plaintiff has been deprived of indemnity for the loss or theft of the automobile, which indemnity would have been paid under said policies of insurance if the same had not been unlawfully canceled by the defendant; and that by reason of the premises plaintiff has been injured to his damage in the sum of $1,828.

The defendant's amended answer consists substantially of a general denial and in addition pleads as a defense that, in the month of October, 1924, plaintiff recovered possession of the automobile referred to in the complaint and ever since has had it in his possession.

At the opening of the trial the justice presiding ruled that he would permit plaintiff's counsel to try the case upon the theory of an action for breach of contract, although the complaint contained many allegations of fraud. The defendant's counsel objected to proceeding with the trial under this ruling, and duly excepted. No motion to amend the complaint was made at any time during the trial.

At the close of the whole case, defendant's counsel renewed the motion to dismiss which he had made at the close of plaintiff's case. The motion was denied and the defendant excepted. The plaintiff moved for the direction of a verdict and the trial justice in effect granted the motion by refusing to submit to the jury any question except the value of the automobile.

There was a verdict in favor of the plaintiff for $1,200; and from the judgment entered thereon the defendant appeals.

It is apparent from this record that the plaintiff purchased an automobile from the defendant and that the purchase price was paid partly in cash and partly by notes. The plaintiff says that the defendant told him it would be necessary to insure the car until the notes were paid in order to protect the seller; and that he paid the insurance premium to the defendant. The defendant denies that the premium was paid to him.

It is admitted, however, that a policy of insurance was issued to cover this car and a certificate to that effect was mailed by the insurance broker to the plaintiff. Shortly thereafter the policy was canceled. The premium paid to the insurance company on the policy was seventy-two dollars and seventy cents and it appears that the amount returned to the broker was seventy-two dollars and twenty cents.

This action was brought upon the theory that the defendant canceled the insurance policy, obtaining a return premium thereon and leaving the plaintiff's car unprotected. (*Siegel* v. *Spear & Co.*, 234 N. Y. 479.)

The appellant contends that the plaintiff cannot recover on this complaint which appellant says is founded upon the theory of false representations, but which plaintiff argues contains allegations sufficient to permit a recovery for breach of contract. Assuming that the allegations in the complaint are sufficient to warrant a recovery for breach of contract, the plaintiff did not prove that defendant was responsible for the cancellation of the insurance policy or failed to perform any obligation undertaken by him.

When the defendant was upon the witness stand he was asked if he ever received a cancellation of the insurance policy. Objection was made and sustained. He was not permitted to answer. He was then asked: " Q. Did you receive a cancellation notice of Policy No. A-14, Niagara-Detroit Underwriters? A. Never." He then testified he never received any return premium. He was then asked: " Q. Did you do anything to cause the cancellation of that policy? " This question was objected to and the objection sustained.

The bookkeeper for the insurance company testified that the premium was returned to the insurance broker, but it nowhere appears that the defendant had any knowledge of that fact or had anything to do with the cancellation of the policy or the return of the premium.

The respondent relies on testimony to the effect that he accused the defendant of having canceled the policy and defendant did not deny it. This action, having been founded upon the theory that the defendant caused the cancellation of the policy, thereby breaking the contract and leaving the plaintiff without insurance on the car, thus eventually bringing loss upon the plaintiff, the defendant should have been permitted to show whether he was responsible for the cancellation of the policy. If he was not responsible, he should not have been held liable on this complaint.

It is also alleged that the car was located and replevined by plaintiff and he has had possession of it since October, 1924. Evidence on that subject was ruled out by the trial judge. Under the pleadings, the defendant was entitled to show these facts.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

DOWLING, P. J., MERRELL, O'MALLEY and PROSKAUER, JJ., concur.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.